UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHON TOLLIVER, | No. 2:19-cv-02599-CKD-P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## I.      Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Allegations in the Complaint

At the time of filing the instant action, plaintiff was a federal inmate housed at FCI-Terminal Island. However, the allegations of the complaint concern plaintiff's arrest by unnamed

Sacramento County Sheriff's Deputies on November 7, 2017.  ECF No. 1 at 3.  On that date, plaintiff parked his 2004 Ford Van outside a friend's house where he was approached by two Sheriff's Deputies.  ECF No. 1 at 3.  The deputies arrested plaintiff for stolen license plates.  Id. at 4.  Plaintiff's van was towed from the scene.  Id.  Plaintiff was denied bail and held in custody at the Sacramento County Jail without seeing a lawyer until November 27, 2017.  ECF No. 1 at 4-6.  Two felony charges and one misdemeanor charge against plaintiff were eventually dropped on December 27, 2017.  ECF No. 1 at 6.

Based on these allegations, plaintiff raises a Fourth Amendment claim based on the unlawful search and seizure of his person and vehicle without probable cause on November 7, 2017.  ECF No. 1 at 7.  Plaintiff asserts a separate claim for relief under the Fifth and Fourteenth Amendments for "knowingly and willfully submitting false data regarding stolen license plates that led to [p]laintiff's arrest."  Id. at 8.  Plaintiff further contends that his Sixth and Fourteenth Amendment rights were violated when he was denied access to an attorney to assist him in his defense.  ECF No. 1 at 8.  Lastly, plaintiff alleges that defendants failed to properly train and supervise individual officers in the performance of their job duties leading to the infringement of plaintiff's rights.  ECF No. 1 at 8-9.

The defendants in this action are the County of Sacramento, the Sacramento County Sheriff's Department, the Sacramento County Sheriff, as well as Does 1-20 who are unnamed members of the Sacramento County Sheriff's Department.[1]

By way of relief, plaintiff seeks declaratory relief along with compensatory and punitive damages.  ECF No. 1 at 10-11.  For the reasons discussed below, plaintiff has failed to state a cognizable claim for relief.  As a result, plaintiff shall be provided with the legal standards that apply to his claims and granted leave to file an amended complaint.

### III. Legal Standards

Section 1983 provides a cause of action for the violation of constitutional or other federal

---

[1] The only county policy, custom, or procedure mentioned in the complaint concerns the requirement that an inmate request be signed by a deputy sheriff at the Sacramento County Jail. ECF No. 1 at 5. However, this policy or custom only relates to the exhaustion of administrative remedies and not to the facts concerning the constitutional violations alleged in the complaint.

3

1  rights by those acting under color of state law.  See e.g., Patel v. Kent School Dist., 648 F.3d 965,
2  971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's complaint
3  names four defendants: the County of Sacramento, the Sacramento County Sheriff's Department,
4  the Sacramento County Sheriff who is unnamed in the complaint, and Does 1-20 who presumably
5  are officers of the Sacramento County Sheriff's Department.

6  Counties and municipal government officials are among those "persons" to whom section
7  1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 & n. 54 (1978)
8  (noting that Eleventh Amendment immunity does not extend to suits against local municipal
9  governments).  However, a local government unit is not responsible for the acts of its employees
10 or officials under a respondeat superior theory of liability; liability must rest on the actions of the
11 municipality itself.  See Bd. of County Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403
12 (1997).  Stated differently, "[i]t is only when the 'execution of the government's policy or custom
13 ... inflicts the injury' that the municipality may be held liable under § 1983."  City of Canton,
14 Ohio v. Harris, 489 U.S. 378, 385 (1989) (quoting Springfield v. Kibbe, 480 U.S. 257, 267 (1987)
15 (O'Connor, J., dissenting).  In order to assert municipal liability, therefore, a plaintiff must allege
16 that the constitutional deprivation complained of resulted from a policy or custom of the
17 municipality.  See id.  A plaintiff seeking to impose liability upon a municipality is required to
18 identify the policy or custom that caused the constitutional injury.  Bd. of Cty. Comm'rs of Bryan
19 Cty., Okl., 520 U.S. at 403 (1997).

20 A local governmental entity may also "be liable if it had a policy or custom of failing to
21 train its employees and that failure to train caused the constitutional violation."  Collins v. City of
22 Harker Heights, Tex., 503 U.S. 115, 123 (1992).  "In particular ... the inadequate training of
23 police officers could be characterized as the cause of the constitutional tort if—and only if—the
24 failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police
25 come into contact."  Id. at 123-24 (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 388
26 (1989)).

27 When a named defendant holds a supervisory position, the causal link between the
28 defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff

4

1    must allege some facts indicating that the defendant either personally participated in or directed
2    the alleged deprivation of constitutional rights or knew of the violations and failed to act to
3    prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d
4    1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).
5         The Fourth Amendment of the U.S. Constitution guarantees "[t]he right of the people to
6    be secure ... against unreasonable searches and seizures." U.S. Const. amend IV.  This guarantee
7    is applied to the states through the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 655
8    (1961).  Absent a warrant, the Fourth Amendment requires law enforcement officers to have
9    probable cause to make an arrest which constitutes a seizure. Beck v. Ohio, 379 U.S. 89, 91
10   (1964); see also Rosenbaum v. Washoe County, 663 F.3d 1071, 1076 (9th Cir. 2011) ("[A]n
11   arrest without probable cause violates the Fourth Amendment and gives rise to a claim for
12   damages under § 1983.") (citation and quotation marks omitted); Cabrera v. City of Huntington
13   Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (to prevail on Section 1983 claim for false
14   arrest/false imprisonment, plaintiff must demonstrate there was no probable cause to arrest him).
15   "A police officer has probable cause to effect an arrest if 'at the moment the arrest was made ...
16   the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy
17   information were sufficient to warrant a prudent man in believing' that the suspect had violated a
18   criminal law." Orin v. Barclay, 272 F.3d 1207, 1218 (9th Cir. 2001) (quoting Beck, 379 U.S. at
19   91 (2002).  As the probable cause standard is objective in nature, the Fourth Amendment is not
20   violated when the arresting officer had probable cause to arrest a suspect for any criminal offense,
21   even if it was not the reason stated for the arrest. Edgerly v. City and County of San Francisco,
22   599 F.3d 946, 954 (9th Cir. 2010) (citing Devenpeck v. Alford, 543 U.S. 146, 153-55 (2004)).
23        The Sixth Amendment to the U.S. Constitution establishes the right to counsel in all
24   criminal prosecutions. U.S. Const. amend VI; see also Gideon v. Wainwright, 372 U.S. 335, 342-
25   43 (1963) (holding that the right to counsel extends to state court proceedings through the
26   Fourteenth Amendment). The right to counsel attaches at the initiation of adversarial proceedings
27   against a criminal defendant. United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir. 2003).
28   In order to state a claim of interference with the right to counsel, a plaintiff must show that the

defendant interfered with his right to counsel and that "the interference was either wrongfully motivated or without adequate justification. Via v. Cliff, 470 F.2d 271, 275 (3rd Cir. 1972).

In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); see also Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Lacey v. Maricopa County, 693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim may be brought against prosecutors or against the individuals who wrongfully caused the prosecution. Smith v. Almada, 640 F.3d 931, 938 (9th Cir. 2011).  In order to state a cognizable claim for malicious prosecution, plaintiff must demonstrate that the prior proceeding was "commenced by or at the direction of the… defendant"; the case resulted in a legal termination favorable to plaintiff; it was initiated without probable cause; and, it was initiated with malice. Ayala v. KC Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).

Plaintiff names Does 1-20 as additional defendants in this action.  However, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial screening stage, they cannot be served with process until identified by their real names. See Mosier v. California Dept. of Corrections & Rehabilitation, 2012 WL 2577524, at *3 (E.D. Cal. 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4 (N.D. Cal. 2010).  The burden remains on the plaintiff to discover the identity of these Doe defendants and to amend the complaint with their names once discovered.

**IV.    Analysis**

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

While the complaint names a municipality and local government units as defendants, plaintiff does not identify any policies, practices, or customs that resulted in his unlawful search

and seizure as well as arrest.  Plaintiff's complaint is focused on the individual actions of two Sacramento County Sheriff's officers who approached his vehicle and ultimately arrested him on November 7, 2017.  These individuals are only identified as Doe defendants and plaintiff has not alleged that these employees of the Sheriff's Department acted pursuant to a policy or custom that violated his federal constitutional rights.  Thus, he does not state a claim as to the County of Sacramento, the Sacramento County Sheriff's Office, or the Sacramento County Sheriff.  These defendants will be dismissed with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and concluded that you do not link any of the alleged constitutional violations to the named defendants or provide sufficient facts to state a constitutional violation.  This problem may be fixable so you are being given the

chance to file an amended complaint within 30 days from the date of this order if you so choose.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Federal Bureau of Prisons filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 28, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/toll2599.14.docx