UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RESHON TOLLIVER,

     Plaintiff,

    v.

COUNTY OF SACRAMENTO, et al.,

     Defendants.

No. 2:19-cv-02599-CKD P

ORDER

     Plaintiff is a federal prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On March 1, 2021, plaintiff filed a first amended complaint which is now before the court for screening. ECF No. 18.

    **I.    Screening Requirement**

     As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

## II. Allegations in the Complaint

In his amended complaint, plaintiff challenges the actions of nine Sacramento County Sheriff's Officers involved in his arrest on November 7, 2017. ECF No. 18. Specifically, plaintiff alleges that defendants searched zipped bags located inside of his car without a warrant or probable cause and contraband was found. Plaintiff attaches various police reports to his complaint that describe the circumstances surrounding plaintiff's arrest as well as the search and seizure of his vehicle. <u>See</u> ECF No. 18 at 7-21. The criminal charges for which plaintiff was arrested were ultimately dismissed on December 27, 2017.[1]

## III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his amended complaint.

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const., amend. IV. This is not a prohibition "against all searches and seizures, but only against *unreasonable* searches and seizures." <u>United States v. Sharpe</u>, 470 U.S. 675, 682 (1985) (emphasis in original). As plaintiff was previously advised, the Fourth Amendment requires law

---

[1] Plaintiff indicates that "upon his arrest there was a federal hold." ECF No. 18 at 2. Thus, it appears to the court that plaintiff's current confinement in federal custody is not related to the facts and circumstances of his arrest on November 7, 2017.

enforcement officers to have probable cause or a warrant to make an arrest. Beck v. Ohio, 379

U.S. 89, 91 (1964); see also Rosenbaum v. Washoe County, 663 F.3d 1071, 1076 (9th Cir. 2011)

(noting that "an arrest without probable cause violates the Fourth Amendment and gives rise to a

claim for damages under § 1983.") (citation and quotation marks omitted); Cabrera v. City of

Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (to prevail on Section 1983

claim for false arrest/false imprisonment, plaintiff must demonstrate there was no probable cause

to arrest him). "A police officer has probable cause to effect an arrest if 'at the moment the arrest

was made ... the facts and circumstances within [his] knowledge and of which [he] had

reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the

suspect had violated a criminal law." Orin v. Barclay, 272 F.3d 1207, 1218 (9th Cir. 2001)

(quoting Beck, 379 U.S. at 91 (2002)).

It now appears that plaintiff is challenging the search and seizure of his vehicle on

November 7, 2017 and not his actual arrest. "Temporary detention of individuals during the stop

of an automobile by the police, even if only for a brief period and for a limited purpose,

constitutes a 'seizure' of 'persons' within the meaning" of the Fourth Amendment. Wren v.

United States, 517 U.S. 806, 809-10 (1996). "A police-initiated traffic stop is reasonable under

the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the

vehicle's occupants have broken a law." United States v. Hartz, 458 F.3d 1011, 1017 (9th Cir.

2006) (citation omitted). "Reasonable suspicion is formed by 'specific, articulable facts which,

together with objective and reasonable inferences, form the basis for suspecting that the particular

person detained is engaged in criminal activity.'" United States v. Lopez-Soto, 205 F.3d 1101,

1105 (9th Cir. 2000) (quoting United States v. Michael R., 90 F.3d 340, 346 (9th Cir. 1996)).

"A search incident to a lawful arrest is an exception to the general rule that warrantless

searches violate the Fourth Amendment." United States v. Camou, 773 F.3d 932, 937 (9th Cir.

2014). Police officers are further permitted to impound and then conduct inventory searches of

seized vehicles pursuant to the community caretaker exception to the Fourth Amendment. South

Dakota v. Opperman, 428 U.S. 364, 368 (1976). Whether a vehicle may be impounded "under

the community caretaking doctrine depends on the location of the vehicle and the police officer's

3

duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." See United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008). Once a vehicle is legally impounded, police officers are permitted to conduct an inventory search of its contents in accordance with the local police department's policies. Opperman, 428 U.S. at 375-76; see also Colorado v. Bertine, 479 U.S. at 372 (finding an inventory search lawful where "there was no showing that the police, who were following standardized procedures, acted in bad faith or for the sole purpose of investigation."); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (upholding the towing of a car from a public parking lot following the driver's arrest pursuant to the community caretaking exception of the warrant requirement).

### IV.    Analysis

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. The most glaring deficiency with respect to plaintiff's amended complaint is his failure to identify which defendant committed which alleged constitutional violation. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's amended complaint is a mere two pages in length, absent the attachments. ECF No. 18. In these two pages, plaintiff identifies the defendants who were involved in the alleged illegal search by their last names and badge numbers, but he does not specify how each of the nine different officers was specifically involved. ECF No. 18 at 1. Apparently, plaintiff leaves that task to the court to figure that out based on the attachment of all of the police reports from his arrest on November 7, 2017. ECF No. 18 at 4-21. However, "[j]udges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam). The court is required to liberally construe pro se pleadings, but it is not required to draft those pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that pro se pleadings are held to a less stringent standard than those drafted by lawyers). Therefore, plaintiff's amended complaint will be dismissed. The court will, however, grant plaintiff leave to file a second amended complaint to attempt to cure the deficiencies identified in this screening order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v.

Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

2 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

3 § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

5 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

6 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7 Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

8 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9 complaint be complete in itself without reference to any prior pleading.  This is because, as a

10 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14 **V.     Plain Language Summary**

15 The following information is meant to explain this order in plain English and is not

16 intended as legal advice.

17 The first amended complaint is being dismissed because it fails to link any of the named

18 defendants to the asserted constitutional violations.  You are being given the chance to fix the

19 problems identified in this screening order by filing a second amended complaint.

20 Although you are not required to do so, you may file a second amended complaint within

21 30 days from the date of this order.  If you choose to file an amended complaint, pay particular

22 attention to the legal standards identified in this order which may apply to your claims.

23 Accordingly, IT IS HEREBY ORDERED that:

24 1.  Plaintiff's first amended complaint (ECF No. 18) is dismissed.

25 2.  Plaintiff is granted thirty days from the date of service of this order to file a second

26 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

27 of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the

28 docket number assigned this case and must be labeled "Amended Complaint."  Failure to file a

second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  July 13, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/toll2599.14a.docx