UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESHON TOLLIVER, | No.  2:19-cv-02599-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| COUNTY OF SACRAMENTO, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former county prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.      Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

**II.     Allegations in the Second Amended Complaint**

According to the allegations in the second amended complaint, plaintiff was driving his

1

Ford van on the night of November 7, 2017.  ECF No. 20 at 2.  When he arrived at a friend's house he parked, locked, and exited his van.  ECF No. 20 at 2.  Sacramento County Sheriff's Officer Feldman pulled up behind plaintiff's van and turned on his overhead lights.  Id.  Plaintiff provided his license, vehicle registration, and insurance information to defendant Feldman.  ECF No. 20 at 3.  Officers Feldman, Matsuba, Walker, and Nguyen subsequently instructed plaintiff to put his hands behind his back in order to be handcuffed.  Id.  When plaintiff asked why he was being arrested, he was informed that his license plates were stolen.  Id.  After plaintiff was arrested and placed in a police vehicle, Officers Russell and Moore searched plaintiff's van.  ECF No. 20 at 3.  Plaintiff was transported to the Sacramento County Jail that same night.

Plaintiff was held in custody without access to a lawyer and was denied access to the state court to request bail until November 27, 2017.  ECF No. 20 at 4.  During this time period, plaintiff indicates that he submitted numerous inmate request forms to meet with a lawyer and to request bail from a judge.  Id.  According to plaintiff, Sacramento County Sheriff Scott Jones has adopted a policy, custom, or procedure that requires all inmate requests to be signed by a deputy sheriff at the jail.  Id.

On December 12, 2017, plaintiff was arraigned in the Sacramento County Superior Court on two felony charges and one misdemeanor count.  ECF No. 20 at 5.  By this time, plaintiff's van had been sold by the tow company that impounded it on November 7, 2017.  Id.  All of the charges against plaintiff were dismissed on December 27, 2017.  Id.

Based on these facts, plaintiff contends that he was unlawfully seized and that his van was unlawfully searched in violation of the Fourth Amendment.  ECF No. 20 at 6.  He also alleges that his Fifth and Fourteenth Amendment due process rights were violated based upon the submission of false information to justify his search and seizure.  Id.  Plaintiff further asserts that he was denied access to counsel in violation of the Sixth and Fourteenth Amendments.  Id.  Plaintiff also sues the County of Sacramento and Sacramento County Sheriff Scott Jones based upon their failure to supervise or properly train the individual Sacramento County Sheriff's Officers identified as defendants in the amended complaint.  Id.

/////

**III.     Analysis**

After being provided with the relevant legal standards, plaintiff has been unable to fix the deficiencies identified in the court's prior screening orders.  ECF Nos. 8, 19.  With respect to the municipal defendants, plaintiff does not identify any policy or custom that caused the constitutional violations.  Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997).  As plaintiff was previously advised, the county policy requiring all inmate requests to be signed by a deputy sheriff at the jail only relates to the exhaustion of administrative remedies and not to the asserted constitutional violations alleged in the amended complaint.  ECF No. 8 at 3, n. 1.  Therefore, plaintiff has failed to state a claim for relief against the County of Sacramento or Sacramento County Sheriff Scott Jones.  "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983."  City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (quoting Springfield v. Kibbe, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting).

Secondly, plaintiff does not allege how defendant Wetzel was involved in his arrest or the search and seizure of his vehicle in the amended complaint.  In order to state a claim, plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).  Plaintiff has failed to link defendant Wetzel to any asserted constitutional violation.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).

Although plaintiff does identify the individual actions of the remaining six officers, these allegations fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1). In order to state a claim for his unlawful seizure by defendant Feldman, plaintiff must allege that there was no reasonable articulable suspicion to stop him.  United States v. Hartz, 458 F.3d 1011, 1017 (9th Cir. 2006) (citation omitted) (stating that "[a] police-initiated traffic stop is reasonable under the Fourth Amendment if the police stop the vehicle because of a 'reasonable suspicion' that the vehicle's occupants have broken a law.").  The allegations in the second amended complaint indicate that defendant Feldman told plaintiff that the license plates on his van did not

match the vehicle. Moreover, the Ninth Circuit has held that a license plate check of a license plate in plain view does not constitute a search under the Fourth Amendment. United States v. Diaz–Castaneda, 494 F.3d 1146, 1150 (9th Cir. 2007). Plaintiff's subsequent arrest on other charges does not invalidate the legal basis for his initial stop. To prevail on a Section 1983 claim for false arrest, a plaintiff must allege that there was no probable cause to arrest him. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). The allegations in the amended complaint do not establish a lack of probable cause to arrest plaintiff by defendant Feldman. See Orin v. Barclay, 272 F.3d 1207, 1218 (9th Cir. 2001) (stating that "[a] police officer has probable cause to effect an arrest if 'at the moment the arrest was made... the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the suspect had violated a criminal law.") (quoting Beck v. Ohio, 379 U.S. 89, 91 (2002)). To the extent that plaintiff alleges that he was falsely arrested resulting in the sale of his van by the towing company that impounded it, this does not state a valid due process claim because the tow company is not a state actor. The mere fact that a false, incomplete or fraudulent police report that has been filed is not sufficient by itself to state a § 1983 claim. See, e.g., Landrigan v. City of Warwick, 628 F.2d 736, 744–45 (1st Cir. 1980) (the focus is on the consequences, if any, not on the mere existence of a misleading, incorrect or fraudulent report). The consequence of plaintiff's arrest was the deprivation of his property by a private company that is not a state actor. Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. See e.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Therefore, the second amended complaint does not state a Fourth Amendment or due process claim against defendant Feldman.

Likewise, the search of plaintiff's van subsequent to his arrest does not state a cognizable Fourth Amendment claim against defendants Russell and Moore who performed the search. Plaintiff was previously advised that "[a] search incident to a lawful arrest is an exception to the general rule that warrantless searches violate the Fourth Amendment." United States v. Camou, 773 F.3d 932, 937 (9th Cir. 2014). Police officers are further permitted to impound and then

conduct inventory searches of seized vehicles pursuant to the community caretaker exception to the Fourth Amendment. South Dakota v. Opperman, 428 U.S. 364, 368 (1976). Therefore, the second amended complaint does not state a claim for relief against defendants Russell and Moore.

The second amended complaint alleges that defendants Matsuba and Walker instructed plaintiff to put his hands behind his back to be handcuffed. These allegations do not state a valid unlawful arrest claim under the Fourth Amendment for the same reason as the claim against defendant Feldman fails. Therefore, the allegations do not state a claim for relief against defendants Matsuba and Walker.

For all these reasons, the undersigned recommends dismissing plaintiff's second amended complaint for failing to state a claim against the defendants. See 18 U.S.C. § 1915A(b)(1). Once the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06. It appears to the court that further amendment of this case would be futile because the deficiencies have not been cured despite multiple attempts to do so. Therefore, the undersigned recommends that the amended complaint be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

**IV.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed your second amended complaint and determined that it does not

state any claim for relief against any named defendant. It is recommended that your complaint be dismissed without further leave to amend.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct outcome in your case. Label your explanation "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned your case will then review the case and make the final decision in this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign this matter to a district court judge.
2. The order to show cause issued on January 6, 2022 (ECF No. 22) is hereby discharged based on plaintiff's notice of change of address as well as his response filed on January 28, 2022.

IT IS FURTHER RECOMMENDED that plaintiff's second amended complaint be dismissed without further leave to amend for failing to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/toll2599.F&R.sac.docx